# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 28, 1916.

## KIRSNER
## VS.
## SLOSSBERG, ET AL.

*Dave B. Kirsner* for plaintiff.
*M. A. Levinson* and *F. A. Buschman* for defendant.

DAWKINS, J.—

It seems to me that this judgment should not be set aside, unless there is some fraud shown. This prayer of submission expressly provides "that the parties hereto do hereby authorize and empower any member of the bar of the State of Maryland to appear and confess judgment before any justice of the peace of this State, or in any court of record in this State, for any and all amounts, and in favor of such of the above parties as the arbitrators above referred to, shall in their award order, as in their opinion meet and proper." This paper is witnessed and signed by both of the parties. Mr. Schochet witnessed it and both of the parties signed it.

Now, I do not know what Judge Elliott decided, but it is always unsafe to follow an opinion of some other judge, when it is not in writing, because we do not know, from citation of attorneys, just what was decided. Be that as it may, we will take the facts now presented; I take it this is a substantial compliance with the statute, and that, I think, is really the only point in the whole controversy, except the question of fraud.

There are two things we must bear in mind, the first is that there is a presumption of regularity of these proceedings before a magistrate, as well as in the courts. I have been unable by asking you gentlemen ever since this matter commenced to get any of the original papers, either in the Jewish court or the magistrate's court. Now, we must assume that the record is regular.

The second is the maxim that there ought to be an end of litigation. This particular matter has been pending in two of the law courts at various times. On one occasion the defendant here paid $25 court costs in order to take it out of the law courts and take it before this court of arbitration.

There is some considerable doubt as to who took it there first, at any rate they both got there and they both signed the paper agreeing to submit it. I do not think there is any doubt about the testimony that Mr. Kirsner had the rules of the arbitration court probably for a week to read over. There is some testimony that he could not read and write, but there is testimony that he took the pamphlet and read it, at any rate he had it in his possession for some time, and when he got there and submitted his case he then was allowed to sign it. He says himself that he laughed at it and did not think much of it, and yet he went in to the hearing and they had a hearing and reached this conclusion.

There is no suggestion of fraud unless it be that he did not understand what he was doing, and I am satisfied he must have known it was some kind of a tribunal to try to settle this controversy, or he would not have submitted to it.

I think it is a very praiseworthy thing for people to submit their differences to such a court, if they only abide by its decisions, but there is no use jumping around in three or four courts and then not have the matter settled, but the fact that they did submit their differences to the Jewish court and had a trial there and empowered the clerk, who is a lawyer, to enter up any judgment in favor of either party, it seems to me, is all they could have done to carry out the agreement.

I think the conduct of the clerk of the court probably might be open to some criticism. Maybe he should not have appeared for one of the parties in a subsequent proceedings, yet, as a matter of fact, that does not necessarily prevent him from carrying out the mere clerical duty of entering the judgment. Whilst there is some suggestion that he has been removed from office on account of misconduct, there is no misconduct proven as affecting the validity of this transaction.

I have reached the conclusion that the failure to comply with the techni-

cal requirement of the Act of 1912 has been met by the authority contained in this paper of submission which gives the authority to confess judgment. So far as the Jewish court having authority, I take it that anybody, any two people, could submit their differences to arbitration. There would be no reason why they should not do it. On the contrary, it is a very commendable practice, I think, to submit differences to arbitration. There is no suggestion that any member of that court was in any way biased or prejudiced, or failed to give a full and complete hearing. The members of the court have not been definitely named except by counsel in discussing the matter, but there has been no imputation of any kind at all against the character, or composition of the court. The mere fact that the clerk of the court might have expressed some very decided views as to the right of a new trial, I do not know that the plaintiff was denied a constitutional right, or any other right, because he could not get a new trial—in fact, I think the practice in the courts, generally, is to discountenance new trials, and I do not see why the Jewish court should have a different procedure. Mr. Kirsner had an opportunity, if not at the trial, at least before trial to consult counsel, and Mr. Kirsner did sign the paper and knew certainly what he was doing. There is no evidence to show there was any fraud perpetrated upon you. He merely lost his case, as one of you gentlemen will lose this case, and I hope you will not suggest there has been any fraud perpetrated upon you. The only suggestion of fraud here is that he lost his case, and the case was a following up of the action in a civil court, in which the defendant had paid the costs, and one or both, I rather think, complied with the rule in the Jewish court and paid the fifty cents. There is some doubt about who paid it, but the substantial things is that the paper was signed and more than likely both did pay the little fee for submission.

I have listened with a great deal of interest to the point suggested, because we ought not run any risk of having a fraudulent judgment entered when we have ample power to correct it, but I feel there is an utter absence of proof to show any sort of fraud in this transaction, and I therefore will dismiss the bill.